**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

GREGORY JONES                                                                              PLAINTIFF

v.                                    Case No. 4:07CV01173 JLH

UNION PACIFIC RAILROAD COMPANY                                       DEFENDANT

## OPINION AND ORDER

Gregory Jones and Union Pacific Railroad Company have filed motions *in limine* in advance of trial.  For the following reasons, each motion is granted in part and denied in part.

## I.

Jones has filed a motion *in limine* to exclude six different items: (1) when and why he hired and consulted with an attorney; (2) the amount of compensation he requested in his complaint or that he is asking for more damages than he expects to receive; (3) railroad retirement taxes; (4) unrelated legal claims, medical conditions, or personal information; (5) source of payment of medical bills; and (6) arguments concerning other causes of his medical condition.  Union Pacific does not object to numbers one through four, so Jones's motion *in limine* is granted with respect to those issues.

Union Pacific does object to numbers five and six.  Jones argues that the source of payment of medical bills should be excluded as a collateral source.  Union Pacific says it does not intend to discuss Jones's medical bills, but Union Pacific asserts that if Jones claims as damages medical bills that Union Pacific paid, it should be entitled to tell the jury or cross examine Jones as to bills that it paid.  Union Pacific has moved *in limine* to exclude evidence of Jones's medical bills on the ground that they have been paid by Union Pacific or by an insurance policy for which Union Pacific paid, and the Court is granting that motion with respect to medical bills paid by Union Pacific or an

insurance policy for which Union Pacific paid in full. *See infra* at p. 5. Jones's motion *in limine* is granted as to sources of payment of medical bills other than Union Pacific.

Jones also asks the Court to exclude any arguments concerning other causes of Jones's medical condition. Jones says that Union Pacific may attempt to argue that his hernia was caused by excess body weight or poor muscle tone, and that Union Pacific has provided no medical expert opinion or medical record establishing a link between his injury and his weight or muscle tone. Jones cites to several cases in support, but those cases all deal with the plaintiff's burden of providing medical expert testimony to support a claim for a medical injury or condition. Although Union Pacific would be required to provide a medical expert if it had the burden of establishing a medical condition of some sort, no such burden exists here. Union Pacific cannot be prevented from cross-examining Jones's witnesses regarding other possible medical causes of his hernia. Jones's motion *in limine* to exclude arguments concerning other causes of his medical condition is denied.

## II.

Union Pacific has filed a motion *in limine* to exclude nineteen different items. Jones does not contest the exclusion of eleven of those nineteen: that this lawsuit is Jones's exclusive remedy or that he is not eligible to receive workers' compensation benefits (No. 1); punitive or exemplary damages (No. 3); the size or wealth of Union Pacific or that it is an out-of-state corporation (No. 5); that the railroad industry in general is unsafe or dangerous (No. 6); settlement negotiations, settled claims, and buyouts (No. 7); any reference to the loss of society or companionship sustained by Jones's friends or relatives (No. 8); the Congressional intent in enacting the Federal Employers' Liability Act (No. 9); statements to the jury regarding the amount they would put on Jones's injury if they were in his shoes (No. 10); references to Jones's termination and reinstatement after the

2

September 11, 2008 incident (No. 13); Jones's future employment with Union Pacific (No. 18); and reference to Union Pacific's motion *in limine* and to any discovery disputes (No. 19). Union Pacific's motion *in limine* with respect to those eleven uncontested items is granted.

Jones objects to the remaining eight items that Union Pacific seeks to exclude. Union Pacific moves to prevent Jones's attorney from stating that the jurors act as safety advocates or should send a message with their verdict (No. 2). Jones concedes that punitive damages are not available, but argues that he may ask the jurors to "send a message" without specifically asking for punitive damages. Although Jones will not be allowed to ask for punitive damages, his attorney may present his arguments in opening statements and closing arguments, which the jury will be instructed are not evidence. Therefore, Union Pacific's motion *in limine* regarding this issue is denied. *See Stevenson v. Union Pacific R.R. Co.*, 2009 WL 652932, at *5 (E.D. Ark. Mar. 12, 2009) (denying motion *in limine* on the same issue because the court could not find that the anticipated opening statements or closing arguments were unreasonable or inappropriate).

Union Pacific moves to exclude any statements that it puts profits over people (No. 4). Jones objects, arguing that whether Union Pacific puts profits over people may become relevant depending on the context and developments at trial. Because such statements may be relevant and more probative than prejudicial depending on the context at trial, the Court denies the motion *in limine* as premature. *See id.*

Union Pacific moves to exclude evidence that an award is subject to income tax, as well as evidence of gross wages, fringe benefits, and retirement benefits (No. 11). Jones agrees not to make any argument that an award is subject to income tax or that he should be permitted to include as fringe benefits any amounts paid as a retirement tax. He argues, however, that he should be allowed

3

to admit evidence of gross wages as the basis for net wage loss calculations.  Following *Johnson v. Union Pacific R. Co.*, 2007 WL 2914886, at *5 (D. Neb. Oct. 4, 2007), the Court will allow Jones to introduce evidence of gross wage loss to explain net wage loss calculations, and the Court will properly instruct the jury to award only net economic damages.  *See also Stevenson*, 2009 WL 652932, at *5 (following *Johnson*).

Union Pacific objects to Jones using its answers to discovery as exhibits, arguing that their admission would be overly prejudicial (No. 12).  Jones objects, arguing that discovery answers are admissions of a party opponent and are admissible.  Whether Union Pacific's discovery answers are more prejudicial than probative will depend on the context and purpose for which they are offered at trial.  Therefore, the motion *in limine* on this issue is denied as premature.  *See id.* at *6.

Union Pacific seeks to exclude any evidence that Jones felt intimidated or threatened for reporting a personal injury, arguing that such evidence is irrelevant and prejudicial (No. 14).  As with the preceding issue, the Court will be in a better position at trial to determine whether such evidence is relevant and prejudicial, so the motion *in limine* is denied as premature.

Union Pacific moves to exclude evidence that one of Jones's supervisors, Mike Avery, asked Jones's emergency room doctor not to give him prescription pain pills, arguing that the evidence is inadmissible hearsay, irrelevant, and unfairly prejudicial (No. 15).  Again, the Court can better determine at trial whether this testimony would be relevant and unfairly prejudicial.

Union Pacific seeks to exclude evidence or arguments that Jones was deprived of proper medical treatment on the grounds that such evidence or argument is irrelevant and unfairly prejudicial (No. 16).  To the extent that Union Pacific's motion seeks to restrict Jones's ability to argue that he was denied proper medical treatment, the motion *in limine* is denied.  Jones's attorney

4

may argue at closing that his client was denied proper medical treatment, and the jury will be instructed that such arguments are not evidence.  To the extent that Union Pacific's motion seeks to restrict evidence of improper medical treatment, the Court will wait until trial to determine whether such evidence is irrelevant or unfairly prejudicial, so the motion *in limine* is denied as premature.

Finally, Union Pacific moves to exclude any evidence, testimony, or reference regarding Jones's medical bills on the grounds that those bills have been fully paid by Union Pacific or a Union Pacific insurance policy (No. 17).  In response, Jones states: "Plaintiff makes no response to this Motion in Limine other than to state that not all medical bills were paid by Union Pacific and Plaintiff reserves the right to introduce at trial medical bills paid for by collateral sources and by Plaintiff."  If Jones proffers evidence of medical bills that Union Pacific or an insurance policy for which Union Pacific paid in full did not pay for all of his medical bills, then that evidence may be relevant and admissible.  Any evidence of medical bills that were paid by Union Pacific or a Union Pacific insurance policy is excluded.  The Court will consider at trial the admissibility of evidence that Jones or some other non-Union Pacific source paid for some of his medical bills.

### CONCLUSION

For the foregoing reasons, Jones's and Union Pacific's motions *in limine* are GRANTED IN PART and DENIED IN PART.  Documents #32 and #33.

IT IS SO ORDERED this 2nd day of December, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

5